# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

|                                  |   |                          |
|----------------------------------|---|--------------------------|
| IN RE                            | ) |                          |
|                                  | ) | Case No. 12-00245-TLM    |
| JEFFREY FRANCIS LILLY,           | ) |                          |
|                                  | ) | Chapter 7                |
| Debtor.                          | ) |                          |
| _____ | ) |                          |
|                                  | ) |                          |
| WENDI MEER,                      | ) |                          |
|                                  | ) |                          |
| Plaintiff,                       | ) |                          |
|                                  | ) |                          |
| v.                               | ) | Adv. No. 12-6034-TLM     |
|                                  | ) |                          |
| JEFFREY FRANCIS LILLY,           | ) |                          |
|                                  | ) |                          |
| Defendant.                       | ) |                          |
| _____ | ) |                          |

## MEMORANDUM OF DECISION
_____

## INTRODUCTION

Jeffrey Lilly ("Debtor") filed a petition under chapter 7 on February 10, 2012.[1]  One month earlier, on January 20, 2012, Wendi Meer ("Plaintiff") had filed a lawsuit in the United States District Court for the District of Idaho, *Meer v. Dennis Dillon Auto Park & Truck Center, Inc., et al.*, Case No. 1:12-cv-00025-

_____

[1]  Unless indicated otherwise, all statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532.

MEMORANDUM OF DECISION - 1

BLW (the "District Court Action"), naming Debtor as one of numerous defendants. Plaintiff appears *pro se* in the District Court Action, as she does in Debtor's bankruptcy case and in the instant adversary proceeding.[2]

On June 1, 2012, Plaintiff filed a document in Debtor's chapter 7 case "making a Dispute of the Dischargability of the debt arising between - Wendi Meer (Creditor) and Jeffrey Lilly (Debtor)." *See* Doc. No. 36.[3] On June 22, 2012, Ms. Meer filed a "Motion of Objection to Debtor's Discharge," Doc. No. 38, amending the form of her initial June 1, 2012 filing and making additional arguments. On June 28, this Court entered an order instructing the clerk to open the instant adversary proceeding. Doc. No. 40. The operative complaint is the "Motion of Objection to Debtor's Discharge," Adv. Doc. No. 2 ("Amended Complaint").

The Amended Complaint asserts causes of action to deny Debtor a discharge for alleged violation of §§ 727(a)(2), (3), (4) and (12), and causes of action seeking declaration of nondischargeability of debt under §§ 523(a)(6) and (19). Debtor answered the Amended Complaint. Adv. Doc. No. 7. The matter was tried to the Court on December 12, 2012. At that trial, Plaintiff's Exhibit Nos.

---

[2]   The Court takes judicial notice of the files and records in the District Court Action, the chapter 7 case, and this adversary proceeding, as necessary to establish the nature, extent and timing of filings in those several matters. Fed. R. Evid. 201.

[3]   Documents in the chapter 7 case are noted as "Doc. No. __" and documents in this adversary proceeding are noted as "Adv. Doc. No. __."

MEMORANDUM OF DECISION - 2

100–118, and Debtor's Exhibit Nos. 200–204 were admitted. Plaintiff testified, as did Mr. Jarron Moore. Plaintiff and Debtor's counsel presented closing legal argument, and the matter was taken under advisement.[4]

## FACTS

Debtor's bankruptcy schedules assert he works for "Northwest Leasing" as a "loss prevention rep[resentative]." Ex. No. 105 (Doc. No. 1 at sched. I). Northwest Leasing of Boise, ID ("Northwest") is a "dba" of Dennis Dillon Auto Park & Truck Center, Inc. ("Dennis Dillon"). Ex. No. 110. Mr. Moore, the general manager of Northwest, testified that Northwest and another entity, Treasure Valley Leasing ("Treasure Valley"), are separate entities but both related to Dennis Dillon. Mr. Moore testified that Debtor was an employee of both Northwest and Treasure Valley.

Plaintiff entered into a vehicle lease for a 1998 Jeep Cherokee that she had located at the dealership operated by Dennis Dillon. The lease document is on a form bearing the name of Treasure Valley, though the named "lessor" in that document is Dennis Dillon. Ex. No. 200. Treasure Valley obtained authorization from Plaintiff to have payments made directly from her checking account (the "automatic withdrawals"). Plaintiff argues, among other things, that only Treasure

---

[4] This Decision constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

MEMORANDUM OF DECISION - 3

Valley was authorized to make such automatic withdrawals, but that Dennis

Dillon actually, and allegedly improperly, made one withdrawal.

When disputes over the performance of the vehicle lease contract escalated,

Plaintiff had conversations with Debtor, and with other individuals from Dennis

Dillon and Treasure Valley.  Specifically, Plaintiff testified that during the one and

only conversation she had with Debtor, they discussed the automatic withdrawals.

She told Debtor that Treasure Valley was allowed to withdraw from her account

only on the 10th of each month.  She says Debtor responded that they would go

into her account, take out whatever money they wanted, whenever they wanted

and there was not a damn thing she could do about it.  Plaintiff responded with "I

dare you; I'll bring you up on charges of theft."   Plaintiff claims that there were

other improper things said during this conversation and that, ultimately, an

improper and unauthorized repossession of the Cherokee occurred.

Plaintiff thereafter filed the District Court Action seeking significant money

damages from all defendants for violations of the federal Fair Debt Collection

Practices Act, the Idaho Uniform Commercial Code, and the Idaho Consumer

Protection Act, and under or on various non-statutory theories.[5]

Debtor's bankruptcy filing in February, 2012, gave rise to an automatic stay

---

[5]   The initial complaint in the District Court Action alleged a total of $16,096,527 in
damages.

MEMORANDUM OF DECISION - 4

of the District Court Action as against him.  *See* § 362(a).

In filing his bankruptcy, Debtor listed Plaintiff as a nonpriority, unsecured creditor on his schedule F, indicating Plaintiff's claim arose from a "pending civil lawsuit" and was in an "unknown" amount.  Ex. No. 104.  Notwithstanding his awareness of the suit as referenced in his schedule F, Debtor did not list the litigation in response to the relevant questions on his statement of financial affairs ("SOFA").  Ex. No. 106.  On July 17, 2012, Debtor filed an amended SOFA disclosing the litigation.  Ex. No. 114 (Doc. No. 43).

Plaintiff alleges in the Amended Complaint that, at Debtor's § 341(a) examination, he indicated he was "not represented" in the District Court Action.[6] However, one attorney appeared in that suit for all named defendants, including Debtor.  *See* Ex. No. 108 (answer); Ex. No. 113 (docket).[7]

Most of the causes of action in the instant adversary proceeding – which challenges Debtor's right to a discharge generally or to a discharge of the debt to Plaintiff – have to do with how Debtor disclosed and scheduled (or not) Plaintiff's claims when he filed bankruptcy, and the bankruptcy consequences of that

---

[6]  No evidence was presented to establish what was actually said at the § 341(a) meeting, but ultimately this is not a critical point.

[7]  Plaintiff also points out that this answer, Ex. No. 108, asserts Debtor and Mr. Moore are, respectively, an employee of and the general manager of Treasure Valley, and makes no mention of Northwest.

MEMORANDUM OF DECISION - 5

conduct.[8]

Other portions of the evidence will be discussed below in addressing

certain legal contentions.

## DISCUSSION AND DISPOSITION

### A.    *Pro se* standard

As this Court has previously noted, it makes "reasonable allowances" for

the papers filed by *pro se* litigants, and will construe such papers liberally.  *Hyatt*

*v. Hyatt (In re Hyatt)*, 2011 WL 6179267, at *4 (Bankr. D. Idaho Dec. 13, 2011).[9]

However, while the Court is willing to view her pleadings liberally, Plaintiff is

still required to follow the Federal Rules of Bankruptcy Procedure and the Federal

Rules of Evidence in attempting to establish her causes of action, and she is bound

to meet the requirements of the Bankruptcy Code and the cases construing the

Code's provisions in order to obtain relief.  *See*, *e.g.*, *Arnold v. Gill (In re Arnold)*,

252 B.R. 778, 781 n.2 (9th Cir. BAP 2000) ("Pro se appellants are accorded some

---

[8]  Issues regarding discharge and dischargeability are firmly within this Court's
jurisdiction and are "core."  28 U.S.C. § 157(b)(1), (b)(2)(I), and (b)(2)(J); 28 U.S.C. § 1334.
This Court also has exclusive jurisdiction over § 523(a)(2), (4) and (6) actions.  *Banks. v. Gill
Distrib. Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 868 (9th Cir. 2001).  This Court resolves § 727(a)
litigation and either denies discharge or grants it.  If it denies discharge under § 727(a), issue of
nondischargeability under § 523(a) are rendered moot.  If it grants discharge, it then would
determine the amount of debt, if any, to be excepted from discharge under § 523(a)(6) or (a)(19).
In either event, the District Court Action will not continue *as against Debtor* as it is fully
subsumed by the present adversary proceeding.

[9]  Though citations to cases in reporting services are used throughout this Decision, many
of the decisions of this Court which are referenced may also be found on the Court's website,
www.id.uscourts.gov, under the menu heading "attorney resources/written decisions."

MEMORANDUM OF DECISION - 6

leeway, but cannot ignore the Code and Rules, and the rules of this court.").

Thus, in this adversary proceeding, Plaintiff must sustain her claims under the relevant legal standards and evidentiary burdens of proof as established by case law.  After considering fully everything in this record, including the documentary and testimonial evidence Plaintiff chose to present at trial, the Court finds Plaintiff did not carry her burdens under § 727(a).  Judgment will be entered in favor of Debtor, and he will receive his discharge.  Further, Plaintiff failed to carry her burdens to establish that her claims should be excepted from that discharge under § 523(a).  Judgment will be entered for Debtor on those causes as well.

### B.    Timeliness of the Amended Complaint

Creditors seeking to litigate denial of discharge under § 727(a) or nondischargeability of debt under § 523(a)(2), (4), (6) must file their complaint before the deadline established by Fed. R. Bank. P. 4004(a) and 4007(c) respectively.  Those deadlines are 60 days after the first date set for the meeting of creditors under § 341(a).  *Id.*  Notice of the deadline is contained on the notice of bankruptcy filing, and is served on all listed creditors.  Here, the deadline was May 15, 2012.  Ex. No. 107.  The Court extended that deadline to June 14, 2012.  Doc. No. 33.

Plaintiff's "letter" objecting to discharge was filed with the Clerk on June

MEMORANDUM OF DECISION - 7

1.  Doc. No. 36.  The Clerk sent Plaintiff a responsive letter indicating that her letter was improper in form, and that a complaint was required.  Doc. No. 37. Nothing else was filed by Plaintiff until June 22.  On June 28, the Court entered an Order, Doc. No. 40, deeming the June 1 letter to be the "complaint" and the later June 22 filing an amendment thereof, and instructing the Clerk to open this adversary proceeding.  Doc. No. 40.

While an argument could be made that the Amended Complaint was untimely, Debtor has never challenged or sought relief from the Order, Doc. No. 40, nor has he argued this adversary proceeding should be dismissed as time-barred.  *See Kontrick v. Ryan*, 540 U.S. 443, 458–60 (2004) (concluding that the time bar under Rule 4007(c) is not jurisdictional and must be raised as a defense or it may be forfeited).  To the contrary, Debtor has defended the matter on its merits. Under the circumstances, the Court will also address the merits.

### C.    Conduct of Debtor's counsel

Plaintiff makes several allegations regarding the conduct of Debtor's attorneys, some of which find their way into her causes of action.  For example, she contends that counsel improperly refused for a period of time to provide her requested information, failed to properly file or serve notices of appearance, and

MEMORANDUM OF DECISION - 8

several other alleged deficiencies[10] all in violation of Bankruptcy Rules and the
Idaho Rules of Professional Conduct ("IRPC"). *See* Adv. Doc. No. 35 (brief).

The IRPC are applicable to attorneys practicing in this Court. *See* LBR
9010.1(g). However, the use of the IRPC by opposing parties – and not by the
attorney's clients – must be viewed with a jaundiced eye. The preamble to the
IRPC specifically warns that "the purpose of the Rules can be subverted when
they are invoked by opposing parties as procedural weapons. The fact that a Rule
is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the
administration of a disciplinary authority, does not imply that an antagonist in a
collateral proceeding or transaction has standing to seek enforcement of the Rule."

The Court concludes that, even assuming for the sake of argument that
there were potential IRPC violations, they are not for Plaintiff to raise, tactically or
otherwise, in this litigation.

### D.    Title 18, U.S. Code

Plaintiff contends that, in addition to whatever § 727(a) consequence might
attend the filings made in Debtor's bankruptcy case, the errors or omissions in
such filings by Debtor and his counsel constitute "bankruptcy fraud" under 18
U.S.C. § 157, "perjury" under 18 U.S.C. § 1621, and/or "conspiracy" within 18
U.S.C. § 371. Adv. Doc. No. 35 at 9–10.

---

[10]   Plaintiff even complains that counsel sent her discovery with $.20 postage due that she
paid and counsel refused to reimburse. Adv. Doc. No. 35 at 6; Ex. No. 116.

MEMORANDUM OF DECISION - 9

Federal criminal statutes are prosecuted by the U.S. Attorney, not by civil litigants, and there is no private right of action under the suggested provisions of Title 18. Plaintiff lacks standing to assert these claims. They will be dismissed.[11]

### E.      Section 727(a)

Denial of discharge is a serious and severe remedy, and the Court is thus instructed that § 727 must be construed liberally in favor of the debtor and against the objector. *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (9th Cir. BAP 2005) (citing *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.3d 1339, 1342 (9th Cir. 1986)). Therefore, a party objecting to a debtor's discharge must prove by a preponderance of the evidence that the debtor's actions or conduct fall within one of the exceptions to discharge set forth in § 727. *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (9th Cir. BAP 2007), *aff'd*, 578 F.3d 1167, 1168 (9th Cir. 2009).

### 1.      Section 727(a)(2)

An individual chapter 7 debtor's discharge may be denied under § 727(a)(2)(A) if the debtor "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has

---

[11] In addition, this Court lacks jurisdiction over such criminal matters. This Court's jurisdiction flows from 28 U.S.C. § 1334(a) and (b), which provide that the federal district courts have original and exclusive jurisdiction of all cases under Title 11 and original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. The district court has referred such cases and proceedings to this Court pursuant to 28 U.S.C. § 157(a) and under General Order. Thus, criminal matters fall outside the scope of the referral and outside this Court's limited jurisdiction.

MEMORANDUM OF DECISION - 10

transferred, removed, destroyed, mutilated, or concealed . . . property of the

debtor, within one year before the date of the filing of the petition[.]"

Plaintiff argues that the nature of Debtor's schedules and statements, and

his testimony at the § 341(a) meeting, all "concealed" the "true nature" of the civil

rights claims she had leveled against him in the District Court Action.  She feels

that this "perjury" falls within the ambit of § 727(a)(2).

Even liberally construing such arguments, they are simply misplaced.

Section 727(a)(2)(A) is concerned with the concealment of *property* of the debtor

in the year before bankruptcy (or, under § 727(a)(2)(B), property of the estate after

bankruptcy).  Plaintiff's assertions in litigation are not "property" of the Debtor or

the estate; they are instead "claims" against him.[12]  Plaintiff did not present

evidence of property of Debtor or of the estate being disposed of, concealed, or

otherwise handled in contravention of § 727(a)(2).

This cause of action will be dismissed.[13]

## 2.    Section 727(a)(3)

A chapter 7 debtor may be denied a discharge if it is proven by a

---

[12]  Plaintiff's assertion that Debtor owes her money damages (either alone or in
conjunction with the other defendants in the District Court Action) is simply a *claim*, and this is
so notwithstanding that the right to payment is disputed and not reduced to judgment.  *See*
§ 101(5)(A).

[13]  Because this cause of action is fundamentally misunderstood by Plaintiff and thus
irrelevant to and misplaced in this litigation, the Court will not further discuss the elements of a
§ 727(a)(2) action beyond noting that there is also an "intent" requirement which Plaintiff failed
to prove.  *See Crawforth v. Wheeler (In re Wheeler)*, 444 B.R. 598, 610–11 (Bankr. D. Idaho
2011) (discussing authorities requiring proof of debtor's intent).

MEMORANDUM OF DECISION - 11

preponderance of the evidence that he concealed, destroyed, mutilated, falsified or failed to keep or preserve books, records or papers from which his financial condition or business transactions might be ascertained. *Depue v. Cox (In re Cox)*, 462 B.R. 746, 762 (Bankr. D. Idaho 2011). There was no evidence whatsoever presented to suggest a cause of action lies under this provision, much less preponderating evidence. This cause will be dismissed.

### 3. Section 727(a)(4)

A chapter 7 debtor shall be granted a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case— (A) made a false oath or account." Section 727(a)(4)(A). The "fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010) (citing *Fogal Legware of Switz., Inc. v. Wills (In re Wills)*, 243 B.R. 58, 63 (9th Cir. BAP 1999)). To succeed on a § 727(a)(4)(A) claim, the objecting party must demonstrate that: (1) a false oath or statement was made by the debtor; (2) knowingly and fraudulently; (3) which was material to the course of the bankruptcy proceedings. *Id.*; *In re Roberts*, 331 B.R. at 882.

A false oath or statement is made when it occurs in the debtor's sworn schedules and statements, or at an examination during the course of the proceedings, including the examination at the § 341(a) meeting. *Roberts*, 331 B.R. at 882. The false statement is "material" when it "bears a relationship to the

MEMORANDUM OF DECISION - 12

debtor's business transactions or estate, or concerns the discovery of assets,
business dealings, or the existence and disposition of the debtor's property."
*Roberts*, 331 B.R. at 883 (quoting *Wills*, 243 B.R. at 62).

The requirement that the false statement be "knowingly" made mandates
preponderating proof that the debtor acted "deliberately and consciously."
*Roberts*, 331 B.R. at 883.  "Careless" and even "reckless" omissions or inaccurate
statements in schedules and SOFA's are not "knowingly" made under
§ 727(a)(4)(A).  *Id.* at 883–84.  And even more importantly, to be "fraudulently"
made, the objector must prove that the statements (or omissions) were made with
"actual" fraudulent intent, not constructive intent, and this requires evidence that
they were made with the purpose and intention of deceiving creditors or the
trustee.  *Id.* at 884–85.

Plaintiff points to the following statements as being actionable under
§ 727(a)(4)(A):

    a.    Debtor's listing the claim of Plaintiff in schedule F as "unknown"
rather than indicating the $100,000 amount Plaintiff had (initially)
demanded from Debtor in her complaint in the District Court Action;

    b.    Debtor's failure to list the District Court Action in his first SOFA
which called for disclosure of all pending litigation;

    c.    Debtor's testimony at the § 341(a) meeting to the effect he was not
represented in the District Court Action; and

MEMORANDUM OF DECISION - 13

       d.      Debtor's representations in his schedules that he was employed by

                 Northwest rather than by both Northwest and Treasure Valley.

It is clear Debtor did not list the District Court Action in his first SOFA.

However, Debtor did list Plaintiff's claim on his schedule of unsecured creditors

as arising from a "pending civil lawsuit" which gave a clear indication of the

existence and pendency of the litigation even without the initially missing SOFA

disclosure.  That the amount of the claim was shown as "unknown" on that

schedule was a reasonable alternative to listing the $100,000 demanded in the

District Court Action but then showing the same as unliquidated and disputed.

That Plaintiff later amended the complaint in the District Court Action, *see* Ex.

No. 117, raising the amounts claimed against Debtor from $100,000 to $304,180

(and this prior to an asserted trebling to $912,540) evidences and substantiates the

"unknown" amount of the claim.[14]

       While some of the statements might be technically false or in error, none

---

    [14]  Plaintiff's amendment of the complaint in the District Court Action was filed on November 13, 2012.  Plaintiff did not receive relief from the automatic stay in order to continue with litigation against Debtor in the District Court Action, and, thus, she violated § 362(a)(1).  However, not only has Debtor failed to raise the issue of violation of stay, the record establishes no evident injury.  Under all the circumstances, and given the Court's ultimate conclusions that (a) Debtor will receive a discharge and (b) Plaintiff's action to have her debt excepted from discharge fails, the Court will order, as a component of the judgment to be entered herein, that Plaintiff is obligated to dismiss Debtor as a defendant in the District Court Action.  *See In re Urwin*, 2010 WL 457737 at *2–3 (Bankr. D. Idaho Feb. 2, 2010), and *In re Andrus*, 2004 WL 2216493 at *6–7 (Bankr. D. Idaho Sept. 23, 2004) (noting requirement that creditor take affirmative action to prevent continuation of action and further violation of stay; citing *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214–15 (9th Cir. 2002)).  Failure to dismiss Debtor from the District Court Action may expose Plaintiff to liability and sanctions for violation of § 362(a).  *Id.*

appear to be material under all the facts and circumstances.  More importantly,

even if the statements were material, Plaintiff failed to prove the assertedly false or

incomplete statements were made knowingly and fraudulently.[15]

Judgment will be entered for Debtor on this cause of action.

### 4.    Section 727(a)(12)

A debtor will not receive a discharge if:

> (12) the court after notice and a hearing held not more than 10 days
> before the date of the entry of the order granting the discharge finds
> that there is reasonable cause to believe that –
> (A) section 522(q)(1) may be applicable to the debtor; and
> (B) there is pending any proceeding in which the debtor may be
> found guilty of a felony of the kind described in section 522(q)(1)(A)
> or liable for a debt of the kind described in section 522(q)(1)(B).

Section 727(a)(12).

Plaintiff argues § 727(a)(12)(B) applies because Debtor may be found

guilty of a felony described in § 522(q)(1)(A) or liable for a debt described in

§ 522(q)(1)(B).

The problem is that while Plaintiff focuses on language in § 727(a)(12)(B)

that would seem to suit her purposes, she ignores § 727(a)(12)(A), which requires

the Court to find there is reasonable cause to believe that § 522(q) may be

applicable to Debtor.  Section 727(a)(12)(A) is separated from § 727(a)(12)(B) by

an "and" thus requiring Plaintiff to establish both conditions in order to recover.

---

[15]  In this regard, the Court has considered all the evidence, circumstantial as well as
direct, and all inferences that may reasonably be drawn therefrom. *Roberts*, 331 B.R. at 884–85.

MEMORANDUM OF DECISION - 15

*See Zimmerman v. Spickelmire (In re Spickelmire)*, 433 B.R. 792, 801 n.24 (Bankr. D. Idaho 2010), *In re Roots Rents, Inc.*, 420 B.R. 28, 36 (Bankr. D. Idaho 2009), and *In re Jayo*, 2006 WL 2433451 at *5 (Bankr. D. Idaho July 28, 2006) (explaining that statutory provisions written in the conjunctive require each aspect to be established, as contrasted with provisions written in the disjunctive, *i.e.*, with an "or").

In considering whether § 522(q)(1) may be applicable, the Court notes that such section states at its outset: "As a result of electing under subsection (b)(3)(A) [of § 522] to exempt property under State or local law, a debtor may not exempt any amount of an interest in property described in subparagraphs (A), (B), (C), and (D) of subsection (p)(1) [of § 522] which exceeds in the aggregate $146,450 . . . ." The statutory precondition, therefore, is that Debtor attempted to exempt, under Idaho law as allowed under § 522(b)(2) and as required by Idaho Code § 11-609, more than $146,450 of property in the aggregate. Debtor here asserted exemptions of only $8,175. Doc. No. 1 at 13 (sched. C). Section 522(q) is not triggered, and § 727(a)(12) is therefore rendered irrelevant.

This cause of action will be dismissed.

**F.     Section 523**

**1.     Section 523(a)(6)**

There are two distinct issues that the Court evaluates in considering nondischargeability of a debt under § 523(a)(6). The first is the establishment of a

MEMORANDUM OF DECISION - 16

debt itself, and the second is a determination of the nature – dischargeable or nondischargeable – of that debt.  This Court has exclusive jurisdiction over the claims made here under § 523(a)(6).  *Banks*, 263 F.3d at 868.

Section 523(a)(6) excepts from an individual debtor's discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  Both willfulness and maliciousness must be proven to prevail under § 523(a)(6).  *Ormsby v. First Am. Title Co. of Nevada (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010).  The willfulness requirement is met "only when the debtor has the subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct."  *Id.* (quoting *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002)).  Under this standard, the debtor is charged with the natural consequences of his actions.  *Id.* The maliciousness component is separate.  "A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse."  *Id.* at 1207 (quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001)).

In addition to the fact that Debtor was acting at all relevant times as an agent for Treasure Valley, the evidence utterly fails to establish either the wilfullness or the maliciousness prong of § 523(a)(6).  Judgment will be entered for Debtor and this cause dismissed.

MEMORANDUM OF DECISION - 17

### 2.    Section 523(a)(19)(B)

Finally, Plaintiff argues the debt allegedly owed her by Debtor should be held nondischargeable under § 523(a)(19)(B) as a debt that results before, on or after the petition date from any judgment in any Federal or State administrative proceeding, or any court or administrative order for damages, fine, penalty or other similar payment.  In a fashion similar to that with § 727(a)(12) above, Plaintiff selectively quotes the portion of the statutory language that appears to suit her purposes but ignores the balance of the statute.  Here, the first part of § 523(a)(19), though ignored, is important.

Section 523(a)(19) is concerned with debts for securities violations, as clearly established by § 523(a)(19)(A).[16]  As with § 727(a)(12), the provisions of § 523(a)(19)(A) and (B) are separated by an "and" which requires Plaintiff to prove both parts of the conjunctive provision.  She has not done so.  The claims here are not grounded in alleged violations of securities law.  The language of § 523(a)(19)(B), relied on by Plaintiff, does not exist in a vacuum.  Given the entirety of § 523(a)(19), and the evidence, this section is not applicable.  This cause of action will be dismissed.

## CONCLUSION

Having addressed all of the contentions advanced, the Court will enter

---

[16]  This Court has previously addressed the operation of § 523(a)(19).  *See Ellsworth v. Anderson (In re Anderson)*, 2012 WL 3133827 (Bankr. D. Idaho Aug. 1, 2012).

MEMORANDUM OF DECISION - 18

judgment for Debtor, dismissing all causes of action asserted by Plaintiff.

Debtor's discharge will be entered.  Plaintiff will also be ordered to dismiss

Debtor from the District Court Action, upon risk of further violation of the

automatic stay and possible sanctions therefore.

Costs pursuant to Rule, but no fees, will be awarded to Debtor.

DATED:  December 18, 2012

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 19